UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CG7285

RAFAEL RODRIGUEZ,

       Plaintiff,

   -against-

CITY OF NEW YORK, P.O. MICHAEL SEILING, P.O. JOSEPH LEMOS, SGT. EMILE PROVENCHER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

       Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, RAFAEL RODRIGUEZ, by his attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants CITY OF NEW YORK, P.O. MICHAEL SEILING, P.O. JOSEPH LEMOS, SGT. EMILE PROVENCHER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, a Hispanic-American, was and is a resident of New York, New York, located in the Southern District of New York.

7. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. MICHAEL SEILING, P.O. JOSEPH LEMOS, SGT. EMILE PROVENCHER and P.O.s "JOHN DOE" #1-5 (said

names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

9.   At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10.  NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On May 25, 2004, at approximately 3:30 p.m., Plaintiff RAFAEL RODRIGUEZ was seated in a park located in or about 193rd Street and Wadsworth Terrace, New York County, New York.

12. There were 15-20 people in the park, talking, reading and/or relaxing.  Plaintiff was in the direct company of several other people when Police Officers entered the park.

13. Plaintiff was not engaged in any criminal activity, nevertheless he and others were approached and forcibly searched by the Police Officers.

14. Without explanation, the Police Officers unjustly and without probable cause took plaintiff into custody, arrested and handcuffed him in front of a group of his peers.

15. The Police Officers then transported Plaintiff to the 34th Precinct.

3

16.   While at the Precinct, the Police Officers asked Plaintiff a number of questions about an unrelated criminal investigation; to wit, whether he had heard any information about a shooting that had recently taken place in the neighborhood.

17.   Plaintiff informed the Police Officers that he had no information about the shooting and demanded to know why he had been arrested.  The Police Officers then informed Plaintiff they had arrested him for possessing marijuana.

18. Plaintiff told the Police Officers that the allegations were false and that they knew them to be false.  Nevertheless, Plaintiff was processed for the arrest and formally charged for violating Penal Law 221.10, Criminal Possession of Marijuana in the Fifth Degree.

19. Certain Police Officers filled out false and misleading paperwork claiming, *inter alia*, that they had observed Plaintiff smoking a marijuana cigarette in public view.

20. On May 26, 2004, in or about 10:00 p.m., Plaintiff was brought before the Criminal Court under Docket 2004NY040802 and arraigned on the charges.  The Court released Plaintiff on his own recognizance and ordered him to return to court on a future date.

21. On August 12, 2004, *all charges were dismissed and sealed* against Plaintiff.

22. Prior to his release, Plaintiff spent two (2) days custody.

**FIRST CLAIM FOR RELIEF:
DEPRIVATION OF FEDERAL CIVIL RIGHTS**

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

4

25. All of the aforementioned acts deprived Plaintiff, RAFAEL RODRIGUEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### FALSE AREST UNDER 42 U.S.C 1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. As a result of Defendants' aforementioned conduct, Plaintiff, RAFAEL RODRIGUEZ, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for her safety and subjected to handcuffing, and other physical restraints, without probable cause.

35. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

38. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

39. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

40. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

41. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

42. The criminal proceedings were terminated in favor of Plaintiff on or about August 12, 2004, when the charges against him were dismissed and sealed.

43. All of the aforementioned acts of Defendants constituted malicious prosecution under the laws of the State of New York and they are liable for said damage.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendants issued legal process to place Plaintiff under arrest.

46. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

47. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### FIFTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. Defendants P.O. MICHAEL SEILING, P.O. JOSEPH LEMOS, SGT. EMILE PROVENCHER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested RAFAEL RODRIGUEZ despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

50. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

52. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

53. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff RAFAEL RODRIGUEZ.

54. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff RAFAEL RODRIGUEZ as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff RAFAEL RODRIGUEZ as alleged herein.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff RAFAEL RODRIGUEZ.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

58. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

59. All of the foregoing acts by Defendants deprived Plaintiff RAFAEL RODRIGUEZ of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f.  Not to have cruel and unusual punishment imposed upon him; and

    g.  To receive equal protection under the law.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.


DATED:    New York, New York
             September 17, 2004

                            Respectfully submitted,

                            _____
                            Christopher D. Galiardo (CG7285)

                            MYERS & GALIARDO, LLP
                            Attorneys for Plaintiff
                            122 East 42nd Street, Suite 2710
                            New York, New York 10168
                            (212) 986-5900